UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| JOHN L. BREEDLOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02344 JAR |
| | ) | |
| MEGAN J. BRENNAN, Postmaster General United States Postal Service[1], | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (Doc. No. 6). Defendant filed this Motion on October 17, 2017. Plaintiff John L. Breedlove ("Breedlove") did not file a response. On November 6, 2017, this Court issued an Order giving Breedlove until November 16, 2017 to file a response or the Court would rule on Defendant's unopposed motion (Doc. No. 7). To date, Breedlove has not responded. Therefore, the Court rules on Defendant's unopposed Motion to Dismiss.

---

[1] The proper defendant in a discrimination case brought by a U.S. Postal Service employee is the Postmaster General. See 42 U.S.C. § 2000e–16(c), which states that the proper defendant in an employment discrimination action brought by a federal employee is "the head of the department, agency, or unit." The United States Postal Service as one such "department, agency, or unit." 42 U.S.C. § 2000e–16(a). See Mathirampuzha v. Potter, 371 F. Supp. 2d 159, 163 (D. Conn. 2005) (collecting cases). Thus, Megan Brennan, in her official capacity as Postmaster General of the United States, is hereby substituted for the Postal Service as the properly named defendant.

**Background**

On August 3, 2017, Breedlove, proceeding pro se, filed a complaint in the Twenty-Second Judicial Circuit of the City of St. Louis against the United States Postal Service alleging employment discrimination. (Complaint ("Compl."), Doc. No. 2.) Specifically, Breedlove alleges he has worked for the Postal Service for over 33 years and never received a "competitive promotion." Breedlove also alleges that since he started working for the Postal Service in 1984, he has been "continually discriminated against and passed over for promotions because of racism and discrimination," and that his "case" was not properly investigated. Defendant removed the case to this Court on August 31, 2017 (Doc. No. 1) and now moves to dismiss Breedlove's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Legal Standard**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Id. (internal quotation omitted).

**Discussion**

To establish a prima facie case for race discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014). Here, Breedlove alleges "racism and discrimination," but fails to identify his protected class. He alleges he has been discriminated against and passed over for promotion during his 33 year career with the Postal Service, yet fails to identify the alleged discriminatory incidents or any factual allegations supporting his claims.

Further, before bringing a discrimination claim in federal court, an employee must fully exhaust his administrative remedies. For a federal employee, this requires, as an initial matter, that he "initiate contact" with an Equal Employment Opportunity (EEO) counselor "within 45 days of the date of the matter alleged to be discriminatory" or of the effective date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1); see also Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). If the matter cannot be resolved informally with the help of an EEO counselor, the employee may file a formal EEO complaint with the agency. See 29 C.F.R. § 1614.106. Breedlove's complaint is devoid of any facts to suggest he has exhausted administrative remedies and complied with the deadlines for filing such claims.

In sum, after carefully reviewing Breedlove's pro se complaint, the Court finds his factual allegations are insufficient and conclusory; and the complaint does not provide the necessary factual specificity to survive a Rule 12(b)(6) motion to dismiss. The Court will, therefore, grant Defendant's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [6] is **GRANTED.** A separate judgment of dismissal will accompany this Memorandum and Order.

Dated this 28th day of November, 2017.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**